# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Anthony Craig Garner,<br><br>        Petitioner,<br><br>vs.<br><br>Paul Laney, Sheriff,<br><br>        Respondent. | Case No. 3:13-cv-100<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Anthony Craig Garner ("Garner") filed a petition for habeas relief pursuant to 28 U.S.C. § 2241. (Doc. #3). Garner is a pretrial detainee who is charged with aggravated assault in two separate state cases. Id. Garner alleges he was arrested and detained without probable cause. Id. Garner contends he is innocent, and that the Assistant State's Attorney is pursuing charges against him in bad faith and to harass Garner. Id.

Federal courts have held that a state pretrial detainee seeking habeas relief under § 2241 ordinarily must exhaust his remedies in state court. See Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987). Garner states he filed a petition for habeas relief in the state courts, but fourteen days had elapsed without a ruling so he filed the instant petition in this court. (Doc. #3, p. 3). The court notes that Garner filed his federal habeas petition prior to any preliminary hearings in his state criminal cases. See State v. Garner, Cass County Case Nos. 09-2013-CR-03601 and 09-2013-CR-03603 (preliminary hearings scheduled for December 12, 2013).

"[F]ederal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." Harmon v. City of Kansas City, Mo., 197 F.3d 321, 325 (8th Cir. 1999) (citing Younger v. Harris, 401 U.S. 37, 43-44 (1971); see also Sacco v. Falke, 649 F.2d 634, 636 (8th Cir. 1981) ("Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though

the prisoner claims he is being held in violation of the Constitution.")). No extraordinary circumstances warrant federal intervention into the ongoing state judicial process in either of Garner's state criminal cases.

Garner could have raised his claim that there is no probable cause to support his arrests at his preliminary hearings. Additionally, Garner's conclusory statements that the Assistant State's Attorney is pursuing assault charges against him in bad faith appear to be baseless. Garner admits to striking the victim in one of the criminal cases in "self-defense" and in "mutual combat," and he states that the victim in the other case falsely reported he was injured after being kicked by Garner. (Doc. #3, p. 2, Doc. #3-1, p. 2). Garner's defenses to the charges need to be raised before the state courts rather than before this court.

It is **RECOMMENDED** that Garner's petition for habeas relief (Doc. #3) be **DISMISSED** without prejudice. It is further **RECOMMENDED** that the court certify that dismissal of the petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings, and the court find that any appeal would be frivolous, could not be taken in good faith, and may not be taken *in forma pauperis*.

Dated this 13th day of January, 2014.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), Garner may object to this Report and Recommendation by filing with the Clerk of Court no later than January 31, 2014, a pleading

specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.